# Supreme Court of Florida

---

No. SC2022-1704

---

**IN RE: AMENDMENTS TO THE FLORIDA RULES FOR QUALIFIED AND COURT-APPOINTED PARENTING COORDINATORS.**

July 13, 2023

PER CURIAM.

The Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (Committee) proposes amendments to the Florida Rules for Qualified and Court-Appointed Parenting Coordinators.[1] The amendments pertain solely to the Parenting Coordinator Rules under Part II, which is proposed to be renamed

---

1. The Committee proposes the amendments pursuant to *In re Committee on Alternative Dispute Resolution Rules and Policy*, Fla. Admin. Order No. AOSC22-27 (July 12, 2022), which charges the Committee with monitoring court rules governing alternative dispute resolution procedures and recommending necessary changes to the Court.

"Standards," and includes rules 15.200-15.298.  We have jurisdiction.[2]

Prior to filing its rule proposals with the Court, the Committee sent its proposals to various alternative dispute resolution (ADR) stakeholders and published its proposals for comment and received comments from an ADR director from the Twentieth Judicial Circuit; the Honorable Michelle Morley, Fifth Judicial Circuit Judge; and two individuals with the Fifteenth Judicial Circuit.  All comments were reviewed, and some revisions were made.  Upon the Court's publication of the proposals, comments were received from the Family Law Section of The Florida Bar, the Steering Committee on Families and Children in the Court, and a qualified parenting coordinator.

After considering the Committee's proposed amendments, the comments, and the Committee's response, we adopt the amendments as proposed, with the additional revisions made by the Committee in response to the comments filed with this Court and

_____

2.  Art. V, § 2(a), Fla. Const.

- 2 -

one modification suggested by a commenter. We discuss some of the revisions below.

First, throughout the body of rules, revisions are made consistent with *In re Guidelines for Rules Submissions*, Fla. Admin. Order No. AOSC22-78 (Fla. Oct. 24, 2022), including updating "shall" to "must" or "will," updating "shall be" to "is," and updating "shall not" to "must not" or "may not," as appropriate.

Next, many rules are relocated, either as newly numbered or renumbered, to ensure the content and subject matter of the rules flow in a cohesive manner, and to facilitate the use and understanding of the rules by parenting coordinators, the courts, and the parties.

Also, a few specific rule amendments warrant brief discussion. Rule 15.205 is retitled "Parenting Coordination, Coparent, and Party Defined," and the definition of party in rule 15.205 now tracks the language of section 61.125(g), Florida Statutes (2023). Rule 15.210 is retitled as "Parenting Coordination Concepts and Functions of the Parenting Coordinator," and in particular adds a non-exhaustive list of functions of a parenting coordinator. Further, current rule 15.230 (Impartiality) is renumbered to 15.251,

and relettered subdivision (g) (Withdrawal) is clarified to reflect the manner in which a parenting coordinator may withdraw and his or her obligation prior to the court approving the withdrawal.

Accordingly, the Florida Rules for Qualified and Court-Appointed Parenting Coordinators are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective on October 1, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.
SASSO, J., did not participate.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Supreme Court Committee on Alternative Dispute Resolution Rules and Policy

Hon. Michael S. Orfinger, Chair, Committee on Alternative Dispute Resolution Rules and Policy, DeLand, Florida, and Thomas A. David, Chief, Alternative Dispute Resolution, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Sarah E. Kay, Chair, Family Law Section of The Florida Bar, Tampa, Florida, Philip S. Wartenberg, Past Chair, Family Law Section of The

- 4 -

Florida Bar, Tampa, Florida, Matthew Eugene Thatcher, Chair, Alternative Dispute Resolution Committee, Family Law Section of The Florida Bar, Tampa, Florida, Temi N. Zeitenberg, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Boca Raton, Florida, Marck Joseph, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Miami, Florida, Kristin R.H. Kirkner, Past Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Tampa, Florida, and Tenesia C. Hall, Past Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Orlando, Florida; Hon. Hope T. Bristol, Chair, Steering Committee on Families and Children in the Court, Fort Lauderdale, Florida, and Avron Bernstein, Senior Attorney, Office of the State Courts Administrator, Tallahassee, Florida; and Valorie Hoppenworth, Tallahassee, Florida,

Responding with comments

# APPENDIX

## Florida Rules for Qualified and Court-Appointed Parenting Coordinators

### Part II.  Standards ~~of Professional Conduct~~

### Rule 15.200.  Applicability of Standards

These standards apply to all qualified parenting coordinators and court-appointed parenting coordinators. A qualified parenting coordinator is anyone who is ~~qualified~~eligible to serve as a parenting coordinator pursuant to the parenting coordination section of Chapter 61, Florida Statutes, and has been approved by the court to serve as a qualified parenting coordinator or to be on a qualified parenting coordination panel for any circuit.

### Rule 15.205.  Parenting Coordination, Coparent, and Party Defined

Parenting coordination is a child-focused ~~alternative~~ dispute resolution process whereby a parenting coordinator assists the coparents in creating or implementing a parenting plan by facilitating the resolution of disputes between the coparents by providing education, making recommendations, and, with the prior approval of the coparents and the court, making limited decisions within the scope of the court's order of referral.

For the purposes of these ~~standards,~~rules:

(a) "Coparent" ~~refers to the child's mother, father, legal guardian, or other person who is acting as a parent or guardian.~~is defined as a party who is an individual who shares legal responsibility for a child with another individual, regardless of biological relationship or the circumstances under which responsibility has been initiated or defined, such as grandparents or guardians. Unless context requires otherwise, the term "parent" is used interchangeably with the term "coparent."

(b) "Party" is defined as a person participating directly, or through a designated representative, in parenting coordination.

**Rule 15.210.  Parenting Coordination Concepts and Functions of the Parenting Coordinator**

**(a) Parenting Coordination.** Parenting coordination ~~is a child-focused alternative dispute resolution process that~~ emphasizes the needs and interests of children, coparents, and families. It is based on the concepts of communication, education, negotiation, facilitation, and problem-solving. The role of a parenting coordinator includes the integration of skills and core knowledge drawn primarily from the areas of mental health, law, and conflict resolution.

**(b) Functions.** Parenting coordinator functions include, but are not limited to:

(1) *Intake Process.* A parenting coordinator must screen parties referred for services for suitability of the process.

(2) *Assessment.* A parenting coordinator must conduct ongoing assessment regarding appropriateness of parties for continuation in the parenting coordination process, the need for a referral to another professional for services, and the safety of family members and the parenting coordinator.

(3) *Education.* A parenting coordinator must educate parties on subject matters related to the coparenting of their children and coparenting skills.

(4) *Coordination.* A parenting coordinator may work with the professionals and systems involved with the family, as well as extended family, stepparents, and significant others.

(5) *Case Management.* A parenting coordinator must monitor compliance and violations of court orders regarding child-related matters.

(6) *Conflict Management.* A parenting coordinator helps parties resolve or manage child-related conflict.

(7) *Decision-making.* A parenting coordinator must only make decisions within the authority provided to the parenting coordinator as required or permitted by law, court rule, or court order.

## Rule 15.216. Responsibility to the Courts

**(a) Candor with Referring Court.** A parenting coordinator must be candid, accurate, and responsive to the court concerning the parenting coordinator's qualifications, availability, and other administrative matters.

**(b) Providing Information to the Court.** When a parenting coordinator provides information to the court, the parenting coordinators must do so in a manner consistent with court rules and statutes. A parenting coordinator must notify the court if a court order conflicts with the parenting coordinator's professional ethical responsibilities.

**(c) Withdrawal.** Prior to withdrawing, a parenting coordinator must seek and obtain court approval. A parenting coordinator is not prohibited from discontinuing services prior to the court approving the withdrawal. However, the parenting coordinator must ensure that the parties' interests, especially the best interest of the child, are not adversely affected by such discontinuation.

## Rule 15.221. Compliance with Authority

A parenting coordinator must comply with all statutes, court rules, local court rules, and court administrative orders relevant to the parenting coordination process.

## Rule 15.226.  Improper Influence

A parenting coordinator must refrain from any activity that has the appearance of improperly influencing a court to secure appointments for cases.

## Rule 15.231.  Education and Training

A parenting coordinator must comply with all statutes, rules, and court requirements relative to qualifications, training, and education.

## Rule 15.21536.  Competence

**(a) Professional Competence.** A ~~P~~parenting coordinator~~s~~ ~~shall acquire~~must have and maintain professional competence in parenting coordination. A parenting coordinator must~~shall~~ regularly participate in educational activities promoting professional growth.

**(b) Circumstances Affecting Role.** If personal circumstances such as but not limited to, medical, mental health, substance misuse, or dependence, exist that compromise a parenting coordinator's ability to perform his or her duties, the ~~P~~parenting coordinator~~s~~ ~~shall~~must decline appointment on new cases and seek to withdraw from ~~the parenting coordination role if circumstances arise~~any case in which ~~impair~~ the parenting coordinator's~~'~~ ~~competency~~ability to perform his or her duties is compromised.

**(c) Skill and Experience.** A parenting coordinator ~~shall~~must decline an appointment, seek to withdraw, or request appropriate ~~assistance~~direction from the court when the facts and circumstances of the case are beyond the parenting coordinator's skill or experience.

**(d) Knowledge.** A parenting coordinator ~~shall~~must maintain knowledge of all current statutes, ~~court~~ rules, ~~local court rules,~~ and court ~~and administrative orders~~requirements relevant to the parenting coordination process, including qualifications, training, and education.

- 9 -

**Rule 15.22041.  Integrity**

(a) **Avoiding Dual Relationships.** ~~A parenting coordinator shall not accept the role of parenting coordinator if there has been a prior personal, professional or business relationship with the parties or their family members. A parenting coordinator shall not enter into a personal, professional or business relationship with the parties or their family members during the parenting coordination process or for a reasonable time after the parenting coordination process has concluded.~~**Maintaining Integrity.** A parenting coordinator must not accept any engagement, provide any service, or perform any act that would compromise the parenting coordinator's integrity or the integrity of the parenting coordination process.

(b) **Respect for Diversity.** A Pparenting coordinator~~s~~ ~~shall~~must not allow ~~their~~ personal values, morals, or religious beliefs to undermine or influence the parenting coordination process or ~~their~~ efforts to assist the parents and children. If the parenting coordinator has personal, moral, or religious beliefs that will interfere with the process or the parenting coordinator's respect for ~~persons~~participants involved in the parenting coordination process, the parenting coordinator ~~shall~~must decline the appointment or seek to withdraw from the process.

(c) ~~**Inappropriate Activity.** Parenting coordinators shall not engage in any form of harassment or exploitation of parents, children, students, trainees, supervisees, employees, or colleagues.~~

(~~d~~) **Misrepresentation.** A parenting coordinator must~~shall~~ not intentionally or knowingly misrepresent any material fact or circumstance in the course of conducting a parenting coordination process.

(e~~d~~) **Demeanor.** A parenting coordinator ~~shall~~must be patient, dignified, and courteous during the parenting coordination process.

**(f) Maintaining Integrity.** ~~A parenting coordinator shall not accept any engagement, provide any service, or perform any act that would compromise the parenting coordinator's integrity.~~

**(~~g~~e) Avoiding Coercion.** A parenting coordinator ~~shall~~must not ~~unfairly~~coerce or improperly influence the parties as a means to achieve a desired result.

Committee Notes

[No Change]

## Rule 15.~~225~~46. Advice, Recommendations, and Information

**(a)** ~~**Informing Parties of Risks.** Prior to a parenting coordinator making substantive recommendations to the parties regarding timesharing and parental responsibilities, the parenting coordinator should inform the parties of the inherent risk of making substantive recommendations without adequate data~~**Explanation of Parenting Coordination Process.** A parenting coordinator must explain the parenting coordination process to the parties and the participants in language and terms all parties and participants can understand.

**(b) Clarification of the Parenting Coordinator's Role.** At the commencement of the parenting coordination process, and as appropriate thereafter, a parenting coordinator must review the court order and any professional services agreement with the parties to clarify with them the nature of the parenting coordinator's role, function, authority, provision of confidentiality, and procedures.

**(c) Children Involved in the Parenting Coordination Process.** When meeting with children, a parenting coordinator must explain, in developmentally appropriate language, the parenting coordinator's role, provisions of confidentiality, and anticipated involvement of the children in the process.

- 11 -

**(bd) Right to Independent Counsel.** When a parenting coordinator believes a party does not understand or appreciate the party's legal rights or obligations, the parenting coordinator ~~shall~~must advise the party of the right to seek independent legal counsel.

**(e) Right to Seek Court Redress.** A parenting coordinator must communicate to parties their right to seek redress with the court.

## Rule 15.2~~30~~051. Impartiality

**(a) Definition of Impartiality.** Impartiality is defined as freedom from favoritism or bias in word or action and includes a commitment to assist all parties as opposed to any one individual.

**(b) Freedom from Favoritism and Bias.** A parenting coordinator ~~shall~~must conduct the parenting coordination process in an impartial manner. ~~Impartiality means freedom from favoritism or bias in word, action, and appearance.~~

**(c) Neutrality.** Neutrality refers to not favoring one outcome over another. While a parenting coordinator must remain neutral, impartial, and unbiased throughout the process, a parenting coordinator may only make recommendations and decisions that the parenting coordinator believes are in the best interest of the children. Favoring outcomes that the parenting coordinator believes are in the best interests of the child is not a breach of neutrality.

**(d) Influence.** A parenting coordinator must not be influenced by outside pressure, bias, fear of criticism, or self-interest, including monetary gain.

**(be) Disclosure.** A parenting coordinator ~~shall~~must advise all parties of circumstances which may impact the parenting coordinator's impartiality including, but not limited to, potential conflicts of interests bearing on possible bias, prejudice, or ~~im~~partiality.

**(c) Influence.** ~~A parenting coordinator shall not be influenced by outside pressure, bias, fear of criticism, or self-interest.~~

**(d~~f~~) Gifts.** A parenting coordinator ~~shall~~must not give, accept, or request a gift, favor, loan, or other item of value to or from a party, attorney, or any other person involved in and arising from any parenting coordination process.

**(e) Prohibited Relationships.** ~~After accepting appointment, and for a reasonable period of time after the parenting coordination process has concluded, a parenting coordinator shall avoid entering into family, business, or personal relationships which could affect impartiality or give the appearance of partiality, bias, or influence.~~

**(~~f~~g) Withdrawal.** Prior to withdrawing, ~~A~~a parenting coordinator ~~shall~~must seek and obtain court approval. A parenting coordinator is not prohibited from discontinuing services prior to the court approving the withdraw~~al~~. However, the ~~from a~~ parenting coordinat~~ion~~or must ensure that the parties' interests, especially the best interest of the child, are not adversely affected by such discontinuation ~~process if the parenting coordinator can no longer be impartial~~.

## Rule 15.2~~35~~5~~5~~6.  Conflicts of Interest

**(a) ~~Generally~~Service.** A parenting coordinator ~~shall~~must not serve as a parenting coordinator in a matter that presents a clear or undisclosed conflict of interest.

**(b) Definition of Conflict of Interest.** A conflict of interest is defined as a situation in which a parenting coordinator has competing interests or loyalties and serving one interest may involve working against another interest. A conflict of interest arises when any relationship between the parenting coordinator and ~~the~~any parenting coordination participant~~s~~ or the subject matter of the dispute compromises ~~or appears to compromise~~ the parenting coordinator's impartiality.

**(b̶c) Disclosure.** The burden of disclosure rests on the parenting coordinator. All such disclosures s̶h̶a̶l̶l̶must be made as soon as p̶r̶a̶c̶t̶i̶c̶a̶l̶practicable after the parenting coordinator becomes aware of the interest or relationship. After appropriate disclosure, the parenting coordinator may serve if all parties agree. However, if a conflict of interest clearly impairs a parenting coordinator's impartiality, the parenting coordinator s̶h̶a̶l̶l̶must withdraw, or seek to withdraw, regardless of the express agreement of the parties.

**(d) Clear Conflict of Interest.** A clear conflict of interest includes, but is not limited to, the following circumstances:

(1) the parenting coordinator (or the parenting coordinator's spouse or domestic partner) is related by blood, adoption, or marriage to a person within the third degree of relationship to any of the parties, participants, or a participant's spouse or domestic partner;

(2) the parenting coordinator previously provided services to (other than parenting coordinator services) or represented one of the parties or participants in the matters at issue; and

(3) the parenting coordinator is currently providing services to (other than parenting coordination services) or representing one of the parties or participants.

**(e) Conflicts Arising Before Service.** A parenting coordinator must not accept the role of parenting coordinator if there has been a prior personal, professional, or business relationship with any of the parties or their family members.

**(f) Conflicts Arising During Service.**

(1) A parenting coordinator must not create a conflict of interest during the parenting coordination process.

(2) A parenting coordinator must not enter into a personal, professional, or business relationship with the parties or their family members during the parenting coordination process.

(3) During the parenting coordination process, the parenting coordinator must not provide any services that are not directly related to the parenting coordination process. A parenting coordinator is accordingly prohibited from providing services including, but not limited to, accounting, psychiatric, legal, or paralegal services, psychological or social counseling, therapy, or business consultations of any sort during the parenting coordination process.

**(g) Conflicts Arising After Service.** Following the conclusion of the parenting coordination process, a parenting coordinator must not establish personal or professional relationships with any of the parties or participants in any matter that would raise questions about the integrity of the parenting coordination process. When a parenting coordinator develops personal or professional relationships with parties, other individuals, or organizations subsequent to the parenting coordination process in which they were involved, the parenting coordinator must consider factors such as time elapsed, the nature of the relationships established, and services offered when determining whether the relationships might create a perceived or actual conflict of interest.

**(e̶h) Solicitation Prohibited.** A parenting coordinator s̶h̶a̶l̶l̶must not use the parenting coordination process to solicit, encourage, or otherwise incur future professional services with a̶n̶y̶ p̶a̶r̶t̶y̶parties or others involved in the parenting coordination process.

**(i) Referrals.** A parenting coordinator may make referrals for additional professional services for parties, children, or other family members, but must avoid any actual or perceived conflicts of interest when making such referrals.

## Rule 15.261.  Confidentiality

**(a) Preservation of Confidentiality.** A parenting coordinator must maintain confidentiality of all communications made by, between, or among the parties and participants and the parenting coordinator, except when disclosure is required or permitted by law or court order.

**(b) Records.** The parenting coordinator must maintain confidentiality of all records developed or obtained during the parenting coordination process in accordance with law or court order.

**(c) Disclosure.** A parenting coordinator must inform all parties and participants in the parenting coordination process of confidentiality and limitations on confidentiality before the process commences and throughout the process.

**(d) Communications with Others.** Communication with others must be consistent with the court order, court rules, and Florida Statutes regarding parenting coordination.

**(~~b~~e) Use of Materials for Educational Purposes**. A parenting coordinator must not directly or indirectly disclose the identity of the parents, children, or other participants involved in the parenting coordination process when information is used in teaching, writing, consulting, research, and public presentations.

## Rule 15.24~~0~~66.  Scheduling the Parenting Coordination Process

A parenting coordinator ~~shall~~must schedule parenting coordination sessions in a manner that provides adequate time for the process. A parenting coordinator ~~shall~~must perform parenting coordination services in a timely fashion, avoiding delays whenever possible.

**Rule 15.245. Compliance with Authority**

A parenting coordinator shall comply with all statutes, court rules, local court rules, and court and administrative orders relevant to the parenting coordination process.

**Rule 15.250. Improper Influence**

A parenting coordinator shall refrain from any activity that has the appearance of improperly influencing a court to secure an appointment to a case.

**Rule 15.255. Marketing Practices**

**(a) False or Misleading Marketing Practices.** A parenting coordinator shall not engage in any marketing practice, including advertising, which contains false or misleading information. A parenting coordinator shall ensure that any marketing of the parenting coordinator's qualifications, services to be rendered, or the parenting coordination process is accurate and honest.

**(b) Qualification.** Any marketing practice in which a parenting coordinator indicates that such parenting coordinator is "qualified" is misleading unless the parenting coordinator indicates the Florida judicial circuits in which the parenting coordinator has been qualified.

**(c) Prior Adjudicative Experience.** Any marketing practice is misleading if the parenting coordinator states or implies that prior adjudicative experience, including, but not limited to, service as a judge, magistrate, or administrative hearing officer, makes one a better or more qualified parenting coordinator.

**(d) Prohibited Claims or Promises.** A parenting coordinator shall not make claims of achieving specific outcomes or promises implying favoritism for the purpose of obtaining business.

**(e) Additional Prohibited Marketing Practices.** A parenting coordinator shall not engage in any marketing practice that diminishes the importance of a party's right to self-determination or the impartiality of the parenting coordinator, or that demeans the dignity of the parenting coordination process or the judicial system.

Committee Note

The roles of a parenting coordinator and an adjudicator are fundamentally distinct. The integrity of the judicial system may be impugned when the prestige of the judicial office is used for commercial purposes. When engaging in any parenting coordinator marketing practice, a former adjudicative officer should not lend the prestige of the judicial office to advance private interests in a manner inconsistent with this rule. For example, the depiction of a parenting coordinator in judicial robes or use of the word "judge" with or without modifiers to the parenting coordinator's name would be inappropriate. However, an accurate representation of the parenting coordinator's judicial experience would not be inappropriate.

**Rule 15.260.  Concurrent Standards**

Other ethical standards to which a parenting coordinator may be professionally bound are not abrogated by these rules. In the course of performing parenting coordination services, however, these rules prevail over any conflicting ethical standards to which a parenting coordinator may otherwise be bound.

**Rule 15.265.  Relationship with Other Professionals**

A parenting coordinator shall respect the role of other professional disciplines in the parenting coordination process and shall promote cooperation between parenting coordinators and other professionals.

**Rule 15.270.  Confidentiality**

**(a) Preservation of Confidentiality.** ~~A parenting coordinator shall maintain confidentiality of all communications made by, between, or among the parties and the parenting coordinator except when disclosure is required or permitted by law or court order. The parenting coordinator shall maintain confidentiality of all records developed or obtained during the parenting coordination process in accordance with law or court order.~~

~~**(b) Use of Materials for Educational Purposes.** A parenting coordinator shall not disclose the identity of the parents, children, or other persons involved in the parenting coordination process when information is used in teaching, writing, consulting, research, and public presentations.~~

~~**(c) Record Keeping.** A parenting coordinator shall maintain privacy in the storage and disposal of records and shall not disclose any identifying information when materials are used for research, training, or statistical compilations.~~

## Rule 15.275~~0~~1.  ~~Notice and~~ Initial Session

**(a) Notice of Fees.** ~~Prior to an initial meeting with the parties in a parenting coordination session, the parenting coordinator shall provide written notice of all fees, costs, methods of payment and collection.~~

~~(b)~~ **Initial Session.** At the initial session a parenting coordinator ~~shall, in person,~~ must describe the terms of the Order of Referral, if any, and inform the participants <u>of the following, orally and</u> in writing ~~of the following~~:

> (1) the parenting coordination process, the role of the parenting coordinator<u>,</u> and the prohibition against dual roles;

> (2) parenting coordination is an alternative dispute resolution process wherein a parenting coordinator assists <u>co</u>parents in creating or implementing a parenting plan;

- 19 -

(3) the parenting coordinator may provide education and make recommendations to the parties, and, with prior approval of the parents and the court, make non-substantive decisions consistent with the court's order of referral;

(4) the parenting coordinator may make limited, non-substantive decisions with prior approval of the parties as allowed by the court's order of referral;

(5) the parenting coordinator may have additional authority consistent with the applicable Florida Family Law Rules of Procedure and the court's order of referral;

(46) communications made during the parenting coordination session are confidential, except where disclosure is required or permitted by law or court order;

(57) all fees, costs, methods of payment, and collections related to the parenting coordination process;

(68) the court's role in overseeing the parenting coordination process, including a party's right to seek court intervention;

(79) the party's right to seek legal advice; and

(810) the extent to which parties are required to participate in the parenting coordination process.

## Rule 15.28076.  Fees, and Costs, and Expenses

**(a) General Principles.** A parenting coordinator holds a position of trust and must fully disclose and explain the basis of any fees, costs, and expenses to the parties. Fees shall be reasonable and be guided by the following general principles:

**(a) Changes in Fees, Costs, or Payments.** ~~Once services have begun, parenting coordinators shall provide advance written notice of any changes in fees or other charges.~~

**(b) Maintenance of Financial Records.** ~~Parenting coordinators shall maintain the records necessary to support charges for services and expenses, and, upon request, shall make an accounting to the parents, their counsel, or the court.~~

**(~~c~~b) Equitable Service.** Parenting coordinators ~~shall~~must provide the same quality of service to all parties regardless of the amount of each party's financial contribution.

**(~~d~~c) Basis for Charges.** Charges for parenting coordination services based on time ~~shall~~may not exceed actual time spent or allocated.

**(~~e~~d) Costs.** Charges for costs ~~shall~~must be for those actually incurred.

**(~~f~~e) Expenses.** When time or expenses involve two or more parenting coordination processes on the same day or trip, the time and expense charges ~~shall~~must be prorated appropriately.

**(~~g~~f) Written Explanation of Fees, Costs, and Expenses.** A parenting coordinator ~~shall~~must give the parties and their counsel a written explanation of any fees, ~~and~~ costs, and expenses prior to the parenting coordination process. The explanation ~~shall~~must include the:

(1) basis for and amount of any charges for services to be rendered, including minimum fees and travel time;

(2) amount charged for the postponement, ~~or~~ cancellation, or non-appearance to a scheduled ~~of~~ parenting coordination session~~s~~, and the circumstances under which such charges will be assessed or waived;

(3) basis and amount of charges for any other items; and

(4) parties' pro-~~-~~rata share of the parenting coordinator's fees~~,~~ ~~and~~ costs ~~if previously~~, and expenses as determined by the court ~~or agreed to by the parties~~.

**(g) Changes in Fees, Costs, or Expenses.** Once services have begun, parenting coordinators must provide advance written notice of any changes in fees, costs, or expenses. The parenting coordinator must not alter a party's pro-rata share of fees, costs, or expenses without prior approval of the court.

**(h) Maintenance of Records.** A parenting coordinator ~~shall~~must maintain records necessary to support charges for services and expenses and, upon request, ~~shall~~must make an accounting to the parties, their counsel, or the court.

**(i) Remuneration for Referrals.** No commissions, rebates, or similar remuneration ~~shall~~may be given or received by a parenting coordinator for a parenting coordination referral.

**(j) Contingency Fees Prohibited.** A parenting coordinator ~~shall~~must not charge a contingent fee or base a fee on the outcome of the process.

## Rule 15.285~~5~~1. Records

**(a)** ~~**Documentation of Parenting Coordination Process.**~~ ~~Parenting coordinators shall maintain all information and documents related to the parenting coordination process.~~

~~**(b)**~~ **Record Retention.** A ~~P~~parenting coordinator~~s~~ ~~shall~~must maintain confidentiality and comply with applicable law when storing and disposing of parenting coordination records. A parenting coordinator must maintain, store, retain, and dispose of the parenting coordinator's records as required by the standards for Case Related Records Not in the Custody of the Clerk and/or Not in the Case File, as referenced in the State of Florida Judicial Branch Records Retention Schedule for Administrative Records appended to the Florida Rules of General Practice and Judicial Administration.

**(c~~b~~) Relocation or Closing the Parenting Coordination** ~~Practice~~Policy. A parenting coordinator ~~shall provide public notice of intent to relocate or close his or her practice. The notification shall include instructions on how parties' may obtain a copy of their records or arrange for their records to be transferred~~must inform the parties of the parenting coordinator's record retention policy at the time the parenting coordination services are outlined to the parties and participants.

**Rule 15.2~~90~~86.   Safety, Capacity, and Protection**

(a) **Monitoring.** A ~~P~~parenting coordinator~~s~~ ~~shall~~must monitor the parties throughout the process for domestic violence, substance abuse, or mental health issues, and must take appropriate action to address any safety concerns, as required by the order of referral or by applicable law.

(b) **Injunctions for Protection.** A ~~P~~parenting coordinator~~s~~ ~~shall~~must honor the terms of all active injunctions for protection and ~~shall~~must not seek to modify the terms of an injunction.

(c) **Terminating~~ion~~** ~~Process Based on Safety Concerns~~of a **Parenting Coordination Session.** A ~~P~~parenting coordinator~~s~~ ~~shall suspend the process and notify the court when the parenting coordinator determines it is unsafe to continue~~must terminate a parenting coordination session when any party is incapable of participating meaningfully in the session.

(d) ~~**Adjournment or Termination**~~**Suspending Parenting Coordination Process for Safety Reasons.** A parenting coordinator ~~shall adjourn or terminate a parenting coordination process if any party is incapable of participating meaningfully in the process~~must suspend the process and notify the court when the parenting coordinator determines it is unsafe to continue. A parenting coordinator must request a status conference with the court to determine if a case is no longer appropriate for parenting coordination or if the court should appoint another parenting coordinator.

# Rule 15.291.  Marketing Practices

**(a) False or Misleading Marketing Practices.** A parenting coordinator may not engage in any marketing practice, including advertising, which contains false or misleading information. A parenting coordinator must ensure that any marketing of the parenting coordinator's qualifications, services to be rendered, or the parenting coordination process is accurate and honest.

**(b) Qualification.** Any marketing practice in which a parenting coordinator indicates that such parenting coordinator is "qualified" is misleading unless the parenting coordinator indicates the Florida judicial circuits in which the parenting coordinator has been approved.

**(c) Prior Adjudicative Experience.** Any marketing practice is misleading if the parenting coordinator states or implies that prior adjudicative experience, including, but not limited to, service as a judge, magistrate, or administrative hearing officer, makes one a better or more qualified parenting coordinator.

**(d) Prohibited Claims or Promises.** A parenting coordinator may not make claims of achieving specific outcomes or promises implying favoritism for any purpose.

**(e) Additional Prohibited Marketing Practices.** A parenting coordinator may not engage in any marketing practice that diminishes the importance of a party's right to self-determination or the impartiality of the parenting coordinator, or that demeans the dignity of the parenting coordination process or the judicial system.

Committee Note

The roles of a parenting coordinator and an adjudicator are fundamentally distinct. The integrity of the judicial system may be impugned when the prestige of the judicial office is used for commercial purposes. When engaging in any parenting coordinator marketing practice, a former adjudicative officer should not lend the

prestige of the judicial office to advance private interests in a manner inconsistent with this rule. For example, the depiction of a parenting coordinator in judicial robes or use of the word "judge" with or without modifiers to the parenting coordinator's name would be inappropriate. However, an accurate representation of the parenting coordinator's judicial experience would not be inappropriate.

### Rule 15.295.  Education and Training

Parenting coordinators shall comply with any statutory, rule or court requirements relative to qualifications, training, and education.

### Rule 15.296.  Concurrent Standards

Other ethical standards to which a parenting coordinator may be professionally bound are not abrogated by these rules. In the course of performing parenting coordination services, however, these rules prevail over any conflicting ethical standards to which a parenting coordinator may otherwise be bound.

### Rule 15.298.  Responsibility to the Courts

**(a) Candor with Referring Court.** Parenting coordinators shall be candid, accurate, and responsive to the court concerning the parenting coordinators' qualifications, availability and other administrative matters.

**(b) Providing Information to the Court.** When parenting coordinators provide information to the court, parenting coordinators shall do so in a manner that is consistent with court rules and statutes. Parenting coordinators shall notify the referring court when the court orders conflict with the parenting coordinator's professional ethical responsibilities. Parenting coordinators shall notify the court when it is appropriate to terminate the process. A parenting coordinator shall be candid, accurate, and fully responsive to the court concerning the parenting

coordinator's qualifications, availability, and other administrative matters.

## **Rule 15.299.  Relationship with Other Professionals**

A parenting coordinator must respect the role of other professional disciplines in the parenting coordination process and must promote cooperation between parenting coordinators and other professionals.